UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CORPORATE AIR, LLC,** | ) <br> ) <br> ) |
| **Plaintiff,** | ) <br> ) 2:13-cv-729 <br> ) |
| v. | ) <br> ) <br> ) |
| **JONATHAN BROOKS DAVIS** *and* **JACQUELINE DAVIS,** | ) <br> ) <br> ) <br> ) |
| **Defendant.** | ) <br> ) |

### MEMORANDUM OPINION AND ORDER OF COURT

Before the Court is the RENEWED MOTION TO DISMISS (ECF No. 14) with brief in support (ECF No. 15) filed by Defendants Jonathan Brooks Davis and Jacqueline Davis (the "Defendants"). Plaintiff Corporate Air, LLC ("Plaintiff") filed a brief in opposition (ECF No. 16); Defendants filed a reply brief (ECF No. 17). Accordingly, the motion is ripe for disposition.

### I.     Background

The parties, counsel, and the Court are familiar with the background of this case and, therefore, the Court will not recite the facts at length. The following is a brief recitation of the procedural history relevant to the issues presently before the Court.

Plaintiff initiated this action on May 24, 2013 by filing a one-count Complaint for breach of contract. Defendants filed a motion to dismiss on July 29, 2013, relying on Rule 12(b)(3) and Rule 12(b)(6). Defendants submitted that dismissal for improper venue was appropriate under Rule 12(b)(3), arguing that a forum selection clause in their Employment Agreements mandated that the Court of Common Pleas of Allegheny County hear this case.

The Court denied the motion by Memorandum Order dated December 30, 2013 based on *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S.Ct. 568 (2013)—a

recent decision by the Supreme Court in which it unanimously rejected that a party may enforce a forum-selection clause by seeking dismissal of the suit under 28 U.S.C. § 1406(a) and Rule 12(b)(3). This Court also expressed concerns regarding whether venue was proper in the Western District of Pennsylvania and afforded the parties the opportunity to properly raise the issue should they so desire. Thus, the Court denied the Rule 12(b)(3) motion *without prejudice* in light of the new Supreme Court precedent and in fairness to the parties.

Defendants have renewed their venue challenge pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a) and seek dismissal. Alternatively, Defendants move the Court to transfer this action to the United States District Court for the District of South Carolina.

Plaintiff interprets Defendants' filing as a motion to transfer which it opposes.[1] Plaintiff claims that a substantial number of the events and omissions giving rise to Corporate Air's claim occurred within the Western District of Pennsylvania and lists nine bases in support. The Court is not persuaded.

## II.   Discussion

Rule 12(b)(3) of the Federal Rules of Civil Procedure authorizes a party to move to dismiss a case for "improper venue." Likewise, 28 U.S.C. § 1406 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Taken together, "Section 1406(a) and Rule 12(b)(3) allow dismissal only when venue is 'wrong' or 'improper.'" *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577 (2013).

---

[1]. Plaintiff appears to argue that the Court already made a dispositive ruling on the Rule 12(b)(3) motion and requests leave to file another responsive brief to address that issue should the Court determine otherwise. The Court notes that its earlier Memorandum Opinion was in no uncertain terms without prejudice. *See* ECF No. 13 at 9-10. Accordingly, to the extent that Plaintiff seeks leave to file a surreply, its request is denied.

As the Supreme Court recently explained, "[w]hether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." *Id.* This question is governed by 28 U.S.C. § 1391. *Id.* Section 1391 provides that "[a] civil action may be brought in – a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). "A case filed in a district that falls within § 1391 may not be dismissed under § 1406(a) or Rule 12(b)(3)." *Atl. Marine Const. Co., Inc.*, 134 S. Ct. at 577. "If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Id.*

Relevant here, the statute makes clear that the events or omissions supporting a claim in a given jurisdiction must be "substantial." *See Bockman v. First Am. Mktg.*, 459 Fed. App'x 157, 161-62 (3d Cir. 2012) (collecting cases). "The test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim.'" *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). Moreover, "[e]vents or omissions that might only have some tangential connection with the dispute in litigation are not enough." *Id.* at 294.

The primary thrust of Plaintiff's argument is that Corporate Air (*i.e.*, Defendants' employer) maintains its headquarters in Pennsylvania, administered their payroll and benefits from Pennsylvania, negotiated their contract in Pennsylvania and felt the harm from the alleged breach in Pennsylvania. Courts have found these bases insufficient for purposes of venue determinations. *See Stalwart Capital, LLC v. Warren St. Partners, LLC*, CIV. 11-5249 JLL, 2012 WL 1533637, at *4 n.7 (D.N.J. Apr. 30, 2012) ("When it comes to contract issues, however, the *Cottman* decision appears to focus on acts or omissions, not injury."); *Archway Ins.*

3

*Servs., LLC v. Harris*, CIV.A. 10-5867, 2011 WL 2415168, at *7 (E.D. Pa. June 15, 2011) ("[M]ere discussions with a party in the forum are not sufficient to make that forum a proper venue. This is so even where the discussions deal with the terms of the contract being negotiated.") (citations omitted); *TJF Associates, LLC. v. Kenneth J. Rotman & Allianex, LLC.*, CIV.A. 05-705, 2005 WL 1458753, at *8 (E.D. Pa. June 17, 2005) ("Even though the Agreement itself was negotiated by means of e-mails and phone calls purposefully directed into Pennsylvania, those contacts, which relate exclusively to the formation of the Agreement, are both logistically and conceptually distinct from the circumstances relating to the alleged breach of the Agreement."); *Loeb v. Bank of Am.*, 254 F. Supp. 2d 581, 587 (E.D. Pa. 2003) ("Loeb's allegations of harm in this district are insufficient to meet the 'substantial' requirements of § 1391(a)(2).").[2]

Instead, to determine "whether a substantial part of the events or omissions giving rise to a contract claim occurred in the district, courts consider: where the contract was negotiated or executed; where it was performed; and where breach occurred." *Bro-Tech Corp. v. Purity Water Co. of San Antonio, Inc.*, CIV. A. 08-371, 2008 WL 1757922, at *2 (E.D. Pa. Apr. 16, 2008) (citing 14D CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3806.1 (3d ed. 2004)).

Applying these principles, the Court finds that venue is wrong in the Western District of Pennsylvania. Absent from Plaintiff's list (of forum contacts) is any allegation regarding any action or inaction that Defendants took in Pennsylvania regarding their alleged competitive

---

2. The Court notes that § 1391 was amended by the Jurisdiction and Venue Clarification Act of 2011. As amended, "[n]o longer does § 1391(a) prescribe venue for diversity of citizenship and § 1391(b) for federal question cases. Instead, the venue choices for all applicable civil actions are unified at 28 U.S .C. § 1391(b)." *Eviner v. Eng*, CIV. 2:12-02245 KM, 2013 WL 6450284, at *3 n.3 (D.N.J. Dec. 6, 2013) (citation omitted). *See also Al-Ghena Int'l Corp. v. Radwan*, -- F. Supp. 2d --, 12-CV-0047 KM, 2013 WL 3760929, at *5 n.6 (D.N.J. July 16, 2013) ("While the criteria of § 1391(a) and (b) were streamlined and combined, only the 'fallback provision' (now § 1391(b)(3)) was amended substantively by the 2011 Act.").

conduct or any mention of where the alleged breach occurred: South Carolina.  As demonstrated by the Declaration of Gary Davis, the Employment Agreements were executed in South Carolina; Defendants never performed work in or travelled to Pennsylvania in connection with the Employment Agreements; Defendants were retained to perform work in South Carolina where they reside and where Corporate Air allegedly maintains a business; and they have not engaged in the business of aircraft management, charter sales, and acquisition services in Pennsylvania since the date of the Employment Agreements.  Plaintiff's claims to the contrary are unavailing.  *See Bockman*, 459 F. App'x at 158 ("We accept as true all of the allegations in the complaint, unless those allegations are contradicted by the defendants' affidavits.").  Thus, as set forth more fully in their reply brief, venue in this judicial district is improper.

At this stage, the Court may employ one of two available remedies: dismissal or transfer. *See Durrah v. Rodriguez*, CIV.A. 00-6524, 2002 WL 32345683, at *1 (E.D. Pa. Aug. 20, 2002) ("The decision to transfer lies in the court's discretion.") (citation omitted).  But courts and academics alike have observed that transfer is generally the preferable course of action.  *See id.*; 14D THE LATE CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3827 (3d ed. 2004) ("In most cases of improper venue, the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation.")  This case is no different.  Transfer to the United States District Court for the District of South Carolina will save the time and expense associated with refiling this lawsuit.

### III.     Conclusion

For the reasons hereinabove stated, the Court will grant the renewed motion to the extent it seeks transfer.  An appropriate Order follows.

McVerry, J.

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORPORATE AIR, LLC, | ) |
| Plaintiff, | ) 2:13-cv-729 |
| v. | ) |
| JONATHAN BROOKS DAVIS *and* JACQUELINE DAVIS, | ) |
| Defendant. | ) |

## ORDER OF COURT

AND NOW, this 7th day of February, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that Defendants' RENEWED MOTION TO DISMISS is GRANTED IN PART AND DENIED IN PART, and the Clerk shall TRANSFER this action to the United States District Court for the District of South Carolina forthwith.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:    David A. Strassburger
       Email: dstrassburger@smgglaw.com
       Joseph R. Lawrence
       Email: jlawrence@smgglaw.com
       Kimberly S. Tague
       Email: ktague@smgglaw.com

       James R. Walker
       Email: james.walker@bipc.com